UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 24-CR-20343-KMW

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

JORGE MIGUEL VASQUEZ,

    Defendant.
_____/

**JORGE VASQUEZ'S UNOPPOSED MOTION TO CONTINUE TRIAL
AND REMAINING CORRESPONDING DEADLINES**

Jorge Vasquez respectfully requests that the Court continue the currently set October trial date and corresponding trial deadlines. Neither the Government nor co-Defendant Roger Alejandro Piñate Martinez oppose this motion. The parties conferred and jointly propose that the trial be special set on April 13, 2026. The parties additionally intend to propose a new schedule of trial-related deadlines within two weeks to the Court; however, the Mr. Vasquez did not want to delay the filing of this motion while conferring about proposed deadlines. Mr. Piñate will meet the currently set expert disclosure deadline of August 11, 2025. Should the Court determine a hearing on this motion or other pending matters would be fruitful, the parties are all available on August 14 and August 15, 2026. In support of this motion, Mr. Vasquez states:

1. On August 8, 2024, a federal grand jury sitting in the Southern District of Florida returned a six-count indictment, charging Mr. Vasquez (along with three co-defendants, including Mr. Piñate, who is currently set for trial with

Mr. Vasquez) with conspiracy to violate the Foreign Corrupt Practices Act (FCPA), in violation of 18 U.S.C. § 371 (Count One); a substantive violation of the FCPA, in violation of 15 U.S.C. § 78dd-2 (Count Two); conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count Three); and promotional money laundering, in violation of 18 U.S.C. § 1956(a)(2)(A) (Counts Four through Six). (ECF No. 12).

2. As it relates to this case, Mr. Vasquez retained the legal services of Frank Rubino in 2019, when the Government identified Mr. Vasquez as a target. Mr. Rubino was Mr. Vasquez's sole attorney until undersigned counsel entered a notice of appearance on July 1, 2025. (ECF No. 229).

3. While undersigned entered an appearance with the intention of representing Mr. Vasquez at trial with Mr. Rubino, recent health issues have made Mr. Rubino's involvement in the case understandably difficult. As a result, Mr. Rubino cannot commit to his availability to prepare for trial or to try this case, and Mr. Vasquez determined that the best course of action is for undersigned counsel to represent him at trial without Mr. Rubino.

4. The charges in the indictment stem from allegations of an elaborate bribery and money laundering scheme that the Government alleges occurred from 2015 through 2018 and involved over a million dollars in bribes. The facts are extremely complicated and involve companies, witnesses, and records from the Philippines, Taiwan, and numerous international banks. To date, the Government has provided over 2 million documents, totaling approximately

6.5 million pages. While some of these documents are emails and communications, much of the discovery includes complex international bank records, contracts, loan documents, and other financial records. There are also multiple electronic devices produced in discovery.

5. On August 1, 2025, the Government filed notice of its intent to introduce evidence under Federal Rule of Evidence 404(b). (DE 242). The Government seeks to introduce evidence of funds and contracts unrelated to the Philippine election at issue in the indictment – including evidence related to the 2012 regional Venezuelan elections, the 2013 Venezuelan elections, and the 2014 Venezuelan elections; funds and transfers from an alleged scheme involving a contract with a shell company outside the dates of the indictment; funds and transfers from the 2020 election in Los Angeles County; an entirely unrelated alleged bribery payment to a Venezuelan Elections Official; and obstruction of justice.

6. Since entering a notice of appearance, undersigned counsel has been working persistently to prepare for the currently set October trial date. The volume of discovery, the international character of the evidence and potential witnesses, and the scope and timeframe of the allegations have made these efforts a substantial challenge. This substantial challenge became practically impossible when undersigned assumed the role of primary trial counsel for Mr. Vasquez in recent weeks.

7. The filing of the Government's notice makes the impossibility certain. While undersigned counsel needs to focus on the evidence related to allegations in the indictment, the Government has expanded the scope of potential evidence to multiple other allegations across the globe. Responding to the Government's expansive Rule 404(b) notice, which encompassed multiple alleged conspiracies across the globe, will require a substantial investment of time and resources, diverting critical attention from preparing Mr. Vasquez's defense against the charges in the indictment. This endeavor will make the upcoming pretrial deadlines impossible to meet.

8. Undersigned counsel discussed the request for this continuance with Mr. Vasquez. For the reasons stated above, Mr. Vasquez waives his rights under the Speedy Trial Act, 18 U.S.C. § 3161, and he understands that should the Court grant his request for a continuance, the time until the new trial date will be excluded from speedy trial calculations.

9. Undersigned counsel conferred with counsel for Mr. Piñate. Mr. Piñate does not oppose this motion. Counsel for Mr. Piñate discussed the request for this continuance with Mr. Piñate. Mr. Piñate waives his rights under the Speedy Trial Act, 18 U.S.C. § 3161, and he understands that should the Court grant a continuance, the time until the new trial date will be excluded from speedy trial calculations.

10. Undersigned counsel conferred with the Government, which does not oppose this motion. The Government notes that they will oppose further continuances

4

and the Government requests that the new trial date be special set by the Court.

11. The parties conferred to propose a new trial date to the Court. Based on the amount of time needed for undersigned counsel, as well as the trial schedules of the attorneys, the parties jointly propose that the Court set the trial for April 13, 2026.

Mr. Vasquez respectfully requests that the Court allow his counsel additional time to prepare for trial, respond to the Government's notice, and file pretrial motions. Should the Court grant this motion, the parties will propose new pretrial deadlines to the Court within two weeks.

    Respectfully submitted,

**MARKUS/MOSS PLLC**
40 N.W. Third Street
Penthouse One
Miami, Florida 33128
Tel: (305) 379-6667
markuslaw.com

/s/ *Lauren Field Krasnoff*
Lauren Field Krasnoff
Florida Bar Number 0086951
lkrasnoff@markuslaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via electronic filing using the CM/ECF system with the Clerk of Court which sent an e-mail notification of such filing to all CM/ECF participants on August 7, 2025.

/s/ *Lauren Field Krasnoff*
Lauren Field Krasnoff